UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-cv-23235

SALA STEFANO,

    Plaintiff,

vs.

BCC FOOD HALL LLC,

    Defendant.

                                               /

## COMPLAINT

Plaintiff, SALA STEFANO, sues Defendant, BCC Food Hall LLC, and alleges:

1.  Plaintiff, SALA STEFANO ("Plaintiff"), was an employee of Defendant, BCC Food Hall LLC.

2.  Plaintiff is entitled to the rights, protections, and benefits provided under the WARN Act, 29 U.S.C. Section 2101 *et. seq*.

3.  On or about June 5, 2019 and a thirty-day period which includes June 5, 2019 (exact dates to be discovered), Defendant, Food Hall LLC, a Florida LLC, caused a mass layoff to occur at La Centrale (food hall) in or around the Brickell City Centre in Miami-Dade County.

4.  Defendant was, and is, subject to the notice and back pay requirements of the federal WARN Act because Defendant is a business enterprise that employed 100 or more employees, excluding part-time employees, and/or, employed 100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of overtime), as defined in the WARN Act. 29 U.S.C. Section 2101(1)(A) & (B).

5.  The WARN Act regulates the amount of notice an employer must provide to employees who will be terminated due to the employer's closing of a plant or mass layoffs, as well

as the back pay and other associated benefits an affected employee is due based on a violation of the required notice period. Pursuant to the WARN Act, 29 U.S.C. Section 2101, and 20 C.F.R. Section 639.1 – 639.10 *et seq*, Defendant was required to provide at least sixty (60) days prior written notice of the termination, or notice as soon as practicable, to the affected employees, explaining why the sixty (60) days prior notice was not given.

6. Approximately 70-80 layoffs occurred within a 30-day period (including no less than 50 full-time layoffs that triggered the notice requirements of the WARN Act, as "full time" is defined for purposes of the WARN Act). More than 33% of the full-time workforce was laid off.

7. Upon information and belief, there were even more layoffs within a 90-day period that encompasses this 30-day period that may have been staggered in an attempt to avoid the notice requirements of the WARN Act.

8. Defendant willfully violated the federal WARN Act by failing to provide the required notice. Defendant failed to pay Plaintiff his/her wages, salary, commissions, bonuses, accrued holiday pay, and/or accrued vacation for 60 working days following his/her respective termination, and/or failed to make the pension and 401(k) contributions, and/or provide other employee benefits under ERISA, and/or pay his/her medical expenses for 60 calendar days from and after the dates of his/her termination.

9. None of the WARN Act exemptions apply to Defendant. Accordingly, Plaintiff must receive the notice and back pay required by the WARN Act, 29 U.S.C. Section 2102, 2104.

10. Plaintiff has been damaged by Defendant's conduct constituting violations of the WARN Act and is entitled to damages for his/her back pay and associated benefits for each day of

the violation because Defendant has not acted in good faith nor with reasonable grounds to believe their act and omission was not a violation of the WARN Act.

11.     Plaintiff seeks attorneys fees' and costs pursuant to 29 U.S.C. Section 2104(a)(6); seeks attorneys' fees and costs under all other applicable rules and laws; and seeks attorneys' fees and costs under Plaintiff's employment agreement.

WHEREFORE, Plaintiff demands judgment against Defendant and prays for:

1) Compensatory damages in an amount equal to at least the amounts provided by the WARN Act, 29 U.S.C. Section 2104(a);

2) Reasonable attorneys' fees and costs

3) Such other relief as the Court deems fair and equitable

### Demand for Jury Trial

Plaintiff hereby requests trial by jury on all issues triable by jury pursuant to Fed. R. Civ. P. 38.

Dated this 2nd day of August, 2019

Respectfully submitted,

**LAW OFFICES OF PAUL A. SACK, P.A.**
1130 Washington Avenue, Suite 3
Miami Beach, Florida 33139
Telephone: 305-397-8077
Facsimile: 305-763-8057

By:   /s/ PAUL A. SACK, ESQ.
       FBN: 363103
       Primary: paul@paulsacklaw.com
       ps1619@bellsouth.net

       R. BRANDON DEEGAN, ESQ.
       FBN: 117368
       Primary: deegan@paulsacklaw.com